CAL BOYD AND GERTRUDE BOYD, APPELLANTS, *v.* FRANK JOSEPH PERNICANO, RESPONDENT.

No. 4609

September 27, 1963

385 P.2d 342

*Stanley W. Pierce* and *Don L. Griffith,* of Las Vegas, for Appellants.

*Singleton & DeLanoy* and *Rex A. Jemison,* of Las Vegas, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

Cal and Gertrude Boyd brought suit against Pernicano to recover damages sustained in a rear end collision. The jury found for Pernicano. The Boyds' appeal, assigning as error defense counsel's suggestion, made

during summation, that the jurors "trade places with Mr. Pernicano" in deciding the case.[1]

As a general proposition appellate courts declare error when, during summation, trial counsel has urged the jurors to place themselves in the position of one of the litigants, or to allow such recovery as they would wish if in the same position. Annot., 70 A.L.R.2d 935. Jurors should consider cases objectively. If objection to the erroneous argument is not made, the doctrine of waiver will sometimes preclude appellate review. If objection is made, sustained by the court, and the jury properly admonished, the error is usually (but not always) deemed cured. Here, objection was timely made (though only by counsel's statement "I object," without stating the grounds of such objection) and overruled. Hence, neither the question of waiver, nor the problem of the curative effect of court admonition to disregard, is involved. Thus, we are squarely faced with the task of deciding whether the error is harmless within NRCP 61, or prejudicial.[2]

Defense counsel's statement, made near the end of his jury summation, was: "There is something else to remember and I think this is extremely important, that tomorrow one of you may be going down on Las Vegas Boulevard and you may be stopped and somebody else may run into the back end of you and you, in turn, to

---

[1]Appellants also claim that error occurred when defense counsel, during summation, mentioned a fact not in evidence. When objection was made, the court expressed agreement with plaintiffs' counsel that the mentioned fact was not in evidence. The matter was dropped. It seems to us that the court's action took care of the situation.

[2]"Rule 61. Harmless Error. No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

somebody else, and if it doesn't happen to you it may happen to some members of your family or children, and don't forget that very simply you could trade places with Mr. Pernicano." Certainly, we do not know whether the trial result was influenced by such statement. There is no method by which we can see the case through the jurors' eyes, nor does the "harmless error" rule contemplate that we attempt to do so. Rather, it is our duty to search the record as a whole, and exercise a judicial discretion in deciding whether the error is harmless or reversible in nature. Lee v. Baker, 77 Nev. 462, 366 P.2d 513. We do not presume prejudice from the occurrence of error in a civil case. Pfister v. Shelton, 69 Nev. 309, 250 P.2d 239. If there appears to be a sharp conflict in the evidence upon essential issues the error is treated as having more significance in the jury's decisional process than if the case is a one-sided affair.[3]

The accident giving birth to this case happened on a rainy night in February on Las Vegas Boulevard South. It involved four cars in line. Mr. and Mrs. Martin were passengers in the car first in line which was stopped at an intersection waiting for traffic to clear. Cal and Gertrude Boyd (plaintiffs) occupied the car immediately behind the Martins, and had stopped. Pernicano (the defendant) was at the wheel of the car directly behind the Boyds, and Herbert Hull drove the car directly behind Pernicano. The Martins, the Boyds, Pernicano and Hull testified at the trial. It was Pernicano's defense that he had stopped behind Boyd, and that Hull drove into him, causing him to ram the Boyds and they, in turn, to hit the car first in line. He so testified. Hull corroborated him fully. The Martins stated that the Boyd and Pernicano cars were stopped behind them before the

[3]In Lee v. Baker, supra, the error (reception, without foundation, of a T-intersection diagram purporting to portray the collision) was deemed prejudicial primarily because of a sharp conflict in the evidence upon the issues of negligence and proximate cause. In Pfister v. Shelton, supra, the error (improper jury instruction) was considered harmless because the record on appeal did not contain a transcript of the trial, and this court, therefore, could not determine the existence or degree of conflict in the evidence upon essential issues. See also Eldorado Club, Inc. v. Graff, 78 Nev. 507, 377 P.2d 174.

accident occurred. There is no direct evidence to contradict this version of the series of collisions. No witness was offered to testify that Pernicano's car, under its own power, ran into the rear of the Boyd car. Solely because of Gertrude Boyd's testimony that she *felt* two impacts, she and her husband ask us to infer that two series of collisions happened: first, that Pernicano, under his own power, struck them and they, in turn, the car first in line, and a moment later Hull came along striking Pernicano who again rammed the Boyds, who hit the car first in line a second time. Yet, the Martins in the first car, did not feel two impacts. Perhaps the sensation of Gertrude Boyd is explained by the jolt from the rear and the subsequent collision of her car with the car in front. This indeed would more reasonably follow from Mrs. Boyd's testimony of the injury received by her when she was thrown forward against the dash. This could not result from the fact that her car was struck from behind, which would tend to throw her backwards against the seat. Being thrown forward would result only from being stopped suddenly, such as by her car striking the car in front. In any event, it is apparent that her supposition as to what occurred has little significance in view of the overwhelming testimony to the contrary. Cf. Klotz v. Sears, Roebuck & Co., 7 Cir., 267 F.2d 53, heavily relied on by appellants, where the court reversed because of improper jury argument, taking care, however, to note that the question of liability was close on the facts. The case before us is quite different. Accordingly, we are not persuaded that defense counsel's error during jury argument affected a substantial right of the plaintiffs. It was harmless.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.