**DELAWARE OLDS, INC., a corporation of the State of Delaware, and William Luke, Jr., Defendants below, Appellants and Cross-Appellees,**

v.

**Michael DIXON, Plaintiff below, Appellee and Cross-Appellant.**

**No. 193.**

Supreme Court of Delaware.

Submitted Sept. 22, 1976.

Decided Oct. 21, 1976.

Richard W. Pell, of Tybout & Redfearn, Wilmington, for defendants below, appellants and cross-appellees.

Wilfred J. Smith, Jr., Wilmington, and James C. Eberly, Sr., Georgetown, for plaintiff below, appellee and cross-appellant.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this civil action for assault and battery, a Superior Court jury returned a verdict for plaintiff. On defendants' motion, the Court ordered a new trial on the issue of damages, holding that it was error for plaintiff's counsel in his summation to ask the jurors to place themselves in plaintiff's position.[1] We conclude that a new

---

1. The pertinent argument made by counsel to the jury was as follows:

   "Looking at the aftermath of this thing—I don't know what to call it—look at the extent of the injuries sustained. *Try to imagine, if you can, what it will be like to have only one eye for the rest of your life.* It is difficult for you to do. Try to imagine, if you can, from the condition of Mr. Dixon, as shown by these photographs, the amount of pain that this man had to suffer while he went through this experience. Try to imagine the fright, and the anxiety, and fear, that he would have

   had during that experience, and also subsequent to that when it was learned that he was totally blind in his right eye, and when he further learned that there was no hope of the sight ever being restored in that eye, that he would have to live out the rest of his life with one eye.

   Mr. Dixon has told you some of the activities he can no longer engage in. Mr. Dixon's wife has told you other activities which they used to enjoy and no longer enjoy as a result of his not being able to see out of his right eye.

trial should be ordered as to liability as well as to damages.

The form of appeal made to the jury in this case is commonly known as the "golden rule argument." Briefly, a

" '[g]olden rule argument' is where counsel asks the jury to place themselves in the shoes of a party to the suit in arriving at a verdict, and to render such verdict as they would want rendered in case they were similarly situated." 18 *Words and Phrases*, Golden Rule Argument, p. 716 (1956), citing *Ravel v. Couravallos,* Tex.Civ.App., 245 S.W.2d 731, 734 (1952)

Apparently, there is not a reported Delaware decision discussing the rule, but it is universally held that such argument is improper [2] and will constitute reversible error when the Trial Court fails to give a specific cautionary instruction to the jury to disregard the statement of counsel. *Millen v. Miller*, 224 Pa.Super. 569, 308 A. 2d 115, 118 (1973). Here, defendants' objection and request for a curative instruction were timely raised. But the Trial Court did not admonish the jury to disregard the statements made by plaintiff's counsel.

Traditionally, Courts had carefully tried to eliminate appeals for sympathy in jury trials. Thus, in *F. W. Woolworth Co. v. Wilson*, 5 Cir., 74 F.2d 439 (1934), the Court said:

"Sympathy for suffering and indignation at wrong are worthy sentiments, but they are not safe visitors in the courtroom,

*Try to imagine, if you can, what activities you engage in that you would not be able to engage in without your right eye.* Mr. Dixon has been seen by several doctors because of his injury. Mr. Dixon has testified he has lost his depth perception, which is a result of having only one eye. Depth perception is something that all of us use unconsciously. *Try to imagine, if you can, what the loss of depth perception in doing work could mean to you.* Mr. Dixon has testified that it now takes him quite longer to do the same job because of this loss of depth perception."

for they may blind the eyes of Justice. They may not enter the jury box, nor be heard on the witness stand, nor speak too loudly through the voice of counsel."

See 75 *Am.Jur.*2d, Trial § 781.

■ Jurors are expected to apply common sense and experience in making the findings essential to justice, but justice is not done if a juror simply places himself in the position of an injured party. Our system demands of jurors a prudent, disinterested evaluation of the evidence, not an emotional identification with a party. Indeed, neither the rules of evidence nor other legal guidelines would have much meaning if subjective judgments were the tests for persuasion. Fairness to *all* parties is the duty of jurors, as well as judges, and that is difficult to achieve under the best of circumstances. And our best chance of realizing that high hope is through the application of uniform standards governing the admission of evidence and the rules which the jury must follow in considering it. A plea for sympathy is, in essence, an appeal to abandon such standards and, necessarily, it must be rejected.

We approve for Delaware the general rule stated in 53 *Am.Jur.*, Trial § 496:

"It is, . . ., improper for counsel to appeal to the sympathy of the jury, either directly or indirectly, as, for example, by asking the jury, in a personal injury action, to put themselves in the plaintiff's place, if they would go through life in the condition of the injured plaintiff . . . ."

2. *Bullock v. Branch*, Fla.App., 130 So.2d 74 (1961); *Colgan v. Raymond*, 275 Minn. 219, 146 N.W.2d 530 (1966); *Copiah Dairies Inc. v. Addkison*, 247 Miss. 327, 153 So.2d 689, 694 (1963); *Faught v. Washam*, Mo., 329 S.W.2d 588, 602 (1959); *Boyd v. Pernicano*, 79 Nev. 356, 385 P.2d 342, 343 (1963); *Jackson v. Southwestern Public Service Co.*, 66 N.M. 458, 349 P.2d 1029, 1040 (1960); *Roth v. Jelden*, 80 S.D. 40, 118 N.W.2d 20 (1962); *Phillips v. Fulghum*, 203 Va. 543, 125 S.E.2d 835 (1962).

See *Annot.*, Argument-Taking Position of Litigant, 70 A.L.R.2d 935.

We agree with the Superior Court that this rule was violated and it follows that a new trial must be had. But, in our judgment, the comments were so inextricably intertwined with the evidence on the issue of liability that fairness requires that the trial cover that issue as well. As this Court observed in *Chrysler Corporation v. Quimby*, Del.Supr., 1 Storey 264, 144 A.2d 123, 139 (1958),

> "[T]he guiding principle in reaching a decision [on whether to limit a new trial to damages only] is the determination of whether the jury, in awarding damages, has been or may be influenced by the circumstances giving rise to the liability."

The facts here fall within the "may have been" aspect of the rule and, hence, a fragmented trial would not serve the interests of justice.

\* \* \*

Reversed and remanded for proceedings consistent herewith.