RICHARD ALLEN PARO, APPELLEE AND CROSS-APPELLANT, V. FARM & RANCH FERTILIZER, INC., A CORPORATION, AND KERRY W. JOHNSON, APPELLANTS AND CROSS-APPELLEES.

499 N.W.2d 535

Filed May 7, 1993.   No. S-91-076.

Terrance O. Waite and Todd R. McWha, of Murphy, Pederson & Waite, for appellants.

John A. Wolf and Joel G. Lonowski, of Shamberg & Wolf, and David T. Schroeder, of Kelly & Schroeder, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Fahrnbruch, and Lanphier, JJ.

Boslaugh, J.

This action arose out of a motor vehicle accident that occurred at about noon on December 22, 1987, at an intersection of county roads in Garden County, Nebraska.

The plaintiff, Richard Allen Paro, was driving his 1975 Chevrolet pickup truck in a southerly direction. The defendant Kerry W. Johnson was driving a 1975 Ford 2½-ton truck owned by the defendant Farm & Ranch Fertilizer, Inc., in an easterly direction. The Farm & Ranch truck was loaded with fertilizer. Both roads were two-lane gravel roads, but the north-south road was protected by stop signs. It is undisputed that the Farm & Ranch truck did not stop at the stop sign before entering the intersection, but "rolled" through the intersection at about 5 miles per hour.

There is a hill north of the intersection, the crest of which is approximately 300 feet from the intersection. According to the plaintiff, when he reached the crest of the hill, he saw the Farm & Ranch truck approaching the intersection from the west. When the plaintiff was about 200 feet north of the intersection, it became apparent to him that the defendant Johnson was not going to stop at the stop sign, so the plaintiff applied his brakes in an effort to avoid the accident. At that time, the plaintiff was traveling at 45 or 50 miles per hour. The accident occurred when the front of the plaintiff's truck collided with the left rear portion of the Farm & Ranch truck. As a result of the collision, the plaintiff's truck was destroyed and the plaintiff sustained personal injuries to his leg, back, hands, and head. The plaintiff now has a 5-percent permanent impairment to his lower left leg.

The case was submitted to a jury, which returned a verdict for the plaintiff in the amount of $35,000. The defendants appeal and assign as error the trial court's (1) allowing testimony of the plaintiff and his wife regarding loss of consortium after the accident but before their marriage; (2) overruling the defendants' motion to permit note-taking by the jurors; (3) not admitting into evidence or allowing for impeachment purposes the "Claim for Benefits" form and other tendered portions of

Department of Labor records; (4) not permitting a Department of Labor employee to testify; (5) giving instruction No. 18, since it did not mention contributory or comparative negligence; (6) giving both instructions Nos. 18 and 6, since they were conflicting; (7) not setting aside the jury's verdict, since it was excessive and not supported by sufficient evidence; (8) not allowing the testimony of lay witnesses regarding the speed of the plaintiff's vehicle; (9) denying the defendants' motion for sanctions, equitable relief, and taxation of costs for an earlier mistrial they claim was caused by the plaintiff; (10) failing to find the plaintiff guilty of contributory negligence; (11) overruling objections to counsel's expressions in his closing argument of personal beliefs as to credibility of witnesses and asking the jurors "to put [themselves] or their families" in the plaintiff's place; and (12) failing to grant the defendants' motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

The plaintiff cross-appeals and assigns as error the trial court's denial of his motion for sanctions.

With respect to the defendants' first assignment of error, the evidence is that the plaintiff and his present wife were not married at the time of the accident. The petition did not request damages for loss of consortium, and the trial court did not instruct the jury concerning loss of consortium. Furthermore, the plaintiff's wife did not testify as to loss of consortium. On direct examination, the plaintiff's wife testified as to the plaintiff's condition following his injury, when his condition improved, and how long he was out of work.

The only objection by the defendants during her testimony was made after she was asked if she and her two boys depended upon the plaintiff prior to the accident for income and support. The plaintiff's wife responded affirmatively, and the defendants' objection was overruled.

The defendants were not prejudiced by this evidence, and because there was no request, no testimony, and no instruction concerning loss of consortium, the defendants' assignment of error is without merit.

Relying on *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990), the defendants claim that the trial court erred in denying

their request that the jury be allowed to take notes. In *State v. Kipf*, this court held that jurors are permitted to take notes if the parties agree that the jurors may take notes and that such notes may be used during deliberations, but will be treated confidentially between the jurors and not preserved for review on appeal.

In the present case, since the parties did not agree as to the jurors' taking notes, the trial court did not err in denying the defendants' request.

The defendants' next two assignments of error relate to the trial court's refusal to admit into evidence a Claim for Benefits form from the Nebraska Department of Labor and other tendered Department of Labor documents as well as testimony by a Department of Labor employee. The defendants claim the exhibits and testimony were necessary to impeach the plaintiff's prior testimony that he was unable to work prior to April 1988.

The defendants were permitted to use the Claim for Benefits form during cross-examination of the plaintiff, but the trial court refused to admit it and the other Department of Labor records as well as testimony by its employee into evidence because their prejudicial effect was too great in light of their probative value.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence. *Brown v. Farmers Mut. Ins. Co.*, 237 Neb. 855, 468 N.W.2d 105 (1991); Neb. Rev. Stat. § 27-403 (Reissue 1989). A trial court's ruling concerning § 27-403 will not be disturbed on appeal unless there has been an abuse of discretion. *Brown, supra.*

Because the defendants were able to use the Claim for Benefits form during cross-examination of the plaintiff and because he admitted that he had stated to the Department of Labor that he was physically able to work since January 22, 1988, they were not prejudiced by the trial court's decision to exclude the exhibits and testimony from an employee of the Department of Labor, and the trial court did not abuse its discretion in excluding the evidence.

The defendants' next two assignments of error relate to the

trial court's instructions Nos. 18 and 6. The defendants argue that instruction No. 18 is improper because it does not mention contributory or comparative negligence and, therefore, conflicts with instruction No. 6, which does instruct on contributory and comparative negligence.

The record shows that at the instruction conference, the defendants objected to instruction No. 6, but did not object to instruction No. 18. Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. *State v. Drinkwalter*, 242 Neb. 40, 493 N.W.2d 319 (1992).

The instructions, including instructions Nos. 18 and 6, when read together and taken as a whole, correctly state the law, adequately cover the issues, and are not misleading. The defendants' assignments of error relating to the jury instructions are without merit.

The defendants contend that the trial court erred in not setting aside the jury's verdict as excessive and not supported by the evidence.

> [I]n determining the sufficiency of the evidence to sustain a verdict, the evidence must be considered most favorably to the successful party, every controverted fact must be resolved in his favor, and he is entitled to the benefit of any inferences reasonably deducible from it. A jury's verdict will not be disturbed unless it is clearly wrong.

*Maloney v. Kaminski*, 220 Neb. 55, 62, 368 N.W.2d 447, 454 (1985).

When the evidence is viewed in the light most favorable to the plaintiff, the record shows the plaintiff had special damages totaling approximately $9,386. In addition, the plaintiff testified that he was self-employed as a hunting and trapping guide and before the accident worked approximately 50 days a year at a rate of $75 a day. The plaintiff returned to work in April 1988, but he has been unable to engage in trapping, hunting, and guiding activities because of pain in his lower leg.

The plaintiff was 43 years old at the time of trial. The plaintiff testified in detail concerning the pain he has from his leg and how it interferes with his daily activities and work. The evidence supports the jury's verdict, and that verdict is not

clearly wrong.

Next, the defendants argue that the trial court erred in not allowing the testimony of lay witnesses regarding the speed of the plaintiff's vehicle at the time of the accident. They claim their case was prejudiced because the defendant Johnson and Steven Cochran were not permitted to give their opinions regarding the speed of the plaintiff's vehicle at the time of the accident.

The trial court is given discretion in determining whether or not a witness is qualified to state his opinion, and such determination will not be disturbed on appeal absent an abuse of discretion. *Schmidt v. J. C. Robinson Seed Co.*, 220 Neb. 344, 370 N.W.2d 103 (1985).

Johnson testified that he did not even see the plaintiff's vehicle until the Farm & Ranch truck was one-third of the way through the intersection. Cochran testified that he saw the plaintiff's vehicle a half mile prior to the plaintiff's cresting the hill north of the intersection, but did not see the plaintiff crest the hill. Because the trial court could find that these witnesses did not have adequate opportunity to observe the plaintiff's truck before the accident, the trial court did not abuse its discretion in refusing to permit Johnson and Cochran to express their opinions regarding the plaintiff's rate of speed at the time of the accident.

The defendants' 10th assignment of error argues that the trial court erred in not finding the plaintiff guilty of contributory negligence. The defendants assert that the plaintiff failed to keep a proper lookout by traveling at an excessive speed through a blind intersection.

A motorist traveling on a street or highway protected by stop signs of which he has knowledge may properly assume, until he has notice to the contrary, that a driver about to enter from the nonfavored street will come to a full stop, look both to the right and to the left, maintain a proper lookout for the safety of himself and others traveling on the streets, and yield the right-of-way to any vehicle which is approaching so closely on the favored highway as to constitute an immediate hazard if the motorist at the stop sign moves his vehicle into or across the intersection. *Chlopek v. Schmall*, 224 Neb. 78, 396 N.W.2d 103

(1986).

In this case, the plaintiff, who, according to his testimony, was driving within the speed limit on the road that was protected by stop signs, had the right to assume that the defendant Johnson, whom he observed approaching the stop sign, would stop and yield the right-of-way. The plaintiff had no reason to anticipate danger until it was apparent that the Farm & Ranch vehicle would enter the intersection without stopping, and it was then too late to avoid an accident. Under the circumstances, the jury could find the plaintiff was not guilty of contributory negligence.

The defendants contend that the trial court erred in overruling objections to the plaintiff's attorney's statements in his closing argument of personal beliefs concerning the evidence or the credibility of witnesses and asking the jurors "to put [themselves] or their families" in the plaintiff's place. There was no objection to most of the statements about the personal beliefs of counsel.

The defendants complain that the plaintiff's counsel's expressions of his personal beliefs regarding the witnesses' credibility, the opposing counsel's theory of the case, and the value of the plaintiff's damages caused an excessive verdict, thereby prejudicing the defendants' case.

It is true that an attorney should not assert his or her personal opinion as to the credibility of a witness when appearing in his or her professional capacity before a tribunal. *Harmon Cable Communications v. Scope Cable Television*, 237 Neb. 871, 468 N.W.2d 350 (1991). However, in this case, there was only one instance, which was not objected to by the defendants, where the plaintiff's statement might be interpreted as an expression as to the credibility of the defendant Johnson.

While the plaintiff's attorney was discussing Johnson's reason for rolling through the intersection instead of stopping at the stop sign, the attorney stated: "[T]he reason I [Johnson] roll it is because if you stop, you can't start up fast enough with these loaded trucks to get away from these cars coming over the hill. I don't believe that but that is what he said."

The latitude allowed attorneys in argument during the trial of a case lies within the discretion of the trial court, and in the

absence of prejudice resulting from misconduct in argument, that is no ground for reversal. *Harmon Cable Communications, supra.* The trial court did not err in overruling the defendants' request for a mistrial based on the plaintiff's attorney's statements as to his personal beliefs.

The defendants also contend that their case was prejudiced by statements of the plaintiff's counsel inviting the jurors to put themselves in the place of the plaintiff. The defendants claim the following statements by the plaintiff's attorney improperly invoked the "Golden Rule" argument:

> The instructions that you just heard the judge tell you means that my man has to be negligent, Rick has to be negligent, and to be negligent he must do something that a reasonable person wouldn't do. And what are the facts? Put yourself in his place.
>
> Mr. Waite: Objection, Your Honor, that is a golden rule argument. That is improper.
>
> The Court: Overruled.
>
> Mr. Wolf: Thank you, Your Honor.
>
> What does he do, he comes over the hill, he sees this vehicle coming and I think you have to use some common sense. . . . I think he did what a reasonable person would do and I think he did what any of you would do if you were faced with the same situation . . . .
>
> . . . .
>
> That is what he did, he tried to avoid the accident, he did the best he could and he hit him, but the point of it is the person that put it all there was Mr. Johnson, and I will tell you another thing, he has gone through that intersection hundreds of times, he knows it's dangerous and what is his reason to you why he rolls through there? To minimize his exposure. Well, if you follow that rationale, then he would be a lot better off just going through there at a hundred miles an hour and he wouldn't even be in the intersection as long. But I hate to see you or one of your family members just coming down that hill at the wrong time —
>
> Mr. Waite: Objection, Your Honor.
>
> The Court: Overruled.

While an invitation to jurors to put themselves in the place of a party is improper argument, it is not a ground for a reversal unless the jury was prejudicially affected by the remark. *Edwards v. Lacy*, 412 S.W.2d 419 (Mo. 1967). See, also, *City of Phoenix v. Boggs*, 1 Ariz. App. 370, 403 P.2d 305 (1965); *Halpin v. Pekin Thrifty Drug Co.*, 79 Ill. App. 2d 153, 223 N.E.2d 708 (1967); *Fisher v. Williams*, 327 S.W.2d 256 (Mo. 1959); *Thorpe v. Zwonechek*, 177 Neb. 504, 129 N.W.2d 483 (1964); *Boyd v. Pernicano*, 79 Nev. 356, 385 P.2d 342 (1963).

In *Thorpe*, plaintiff's counsel during closing arguments asked the jurors what the plaintiff's pain and suffering would be worth to them. This court found that the remark was "so closely interwoven with discussion as to what a reasonably prudent person would award for such damages that we fail to see any prejudicial error." *Id.* at 514-15, 129 N.W.2d at 490.

In the present case, although the remarks made by the plaintiff's attorney were improper, they appear to be interwoven with the reasonable person standard applied to the determination of the issues in this case and under the circumstances in this case resulted in no prejudicial effect. Accordingly, the trial court did not abuse its discretion in overruling the defendants' objections and request for a mistrial based upon the remarks made by the plaintiff's attorney. See *Harmon Cable Communications, supra.*

Since the defendants have failed to specifically argue in their brief their 12th assignment of error, which is a general assignment, we do not consider it. See *Brown v. Farmers Mut. Ins. Co.*, 237 Neb. 855, 468 N.W.2d 105 (1991).

Finally, we address both the defendants' and the plaintiff's assignment of error concerning the trial court's denial of both parties' motions for sanctions.

The first trial of this action ended in a mistrial on May 10, 1990, when the plaintiff's attorney, while examining the defendants' accident reconstructionist, read portions of field notes of a former reserve deputy sheriff who investigated the accident. The field notes had not been offered into evidence and had not been provided or disclosed to the defendants' counsel prior to the trial; however, they had been on file at the sheriff's office prior to the trial, and there is some evidence which

suggests that defendants' counsel knew about them. The plaintiff's attorney did not discover the third page of the field notes until the first day of trial.

Following the mistrial, the plaintiff's counsel contacted the officer who had investigated the accident, and he indicated that prior to trial he received a call from an attorney for one of the other parties, and he told that attorney that he had taken measurements, had made notes of them, and had filed them with the accident report.

Both parties filed motions for sanctions after the second trial. The trial court found neither party was entitled to sanctions against the other because all counsel were somewhat derelict in not timely discovering the measurement page of the investigating officer's report.

The standard of review on a trial court's determination of a request for sanctions is whether the trial court abused its discretion. *Millard v. Hyplains Dressed Beef*, 237 Neb. 907, 468 N.W.2d 124 (1991). We do not believe the trial court abused its discretion in refusing to order sanctions against either party.

The judgment of the district court is affirmed.

AFFIRMED.

CAPORALE, J., dissenting.

Inasmuch as there was no objection to the statement of plaintiff's counsel arguably commenting on the credibility of one of the defendants, I do not concern myself with that aspect of the case other than to direct attention to Canon 7, EC 7-24, of the Code of Professional Responsibility (improper for lawyer to express personal opinion as to credibility of witness).

However, there was an objection to the imploration of plaintiff's counsel that in judging the negligence of the defendants, the jurors consider what they would have done had they been in the plaintiff's place and reflect upon the consequences of their, or their family members', being in the vicinity of the driving defendant at the wrong time. This, as the majority found, constituted an improper argument. But the majority then concludes that the impropriety was not prejudicial.

In reaching that conclusion, the majority relies on *Thorpe v. Zwonechek*, 177 Neb. 504, 129 N.W.2d 483 (1964). As the

majority correctly outlines, in that case this court concluded that as the argument therein that the jurors should consider what plaintiff's pain and suffering would be worth to them was " 'so closely interwoven with discussion as to what a reasonably prudent person would award,' " there was no prejudice. However, the *Thorpe* opinion does not detail the argument, and we thus cannot determine what the *Thorpe* court considered as constituting such a close interweaving.

But whatever may have been involved in *Thorpe*, the argument here does not relate the defendants' liability to the doing or failure to do that which a reasonably careful person in similar circumstances would or would not do. Rather, the argument improperly and contrary to well-settled law ties the defendants' liability to what the jurors would like to see done should they or members of their families be confronted with the situation in which the plaintiff found himself.

I certainly understand and accept that the latitude allowed one during the trial of a cause rests in the discretion of the trial court and that in the absence of prejudice resulting therefrom, misconduct in argument is not a ground for reversal. *Harmon Cable Communications v. Scope Cable Television*, 237 Neb. 871, 468 N.W.2d 350 (1991). But see Canon 7, DR 7-102(A)(2), of the Code of Professional Responsibility (improper for lawyer to knowingly advance defense not warranted by existing law).

In any event, implicit in the majority's analysis is the determination that the trial court was wrong in failing to sustain the defendants' objection to the improper argument and that it thus abused its discretion in the latitude it permitted plaintiff's counsel. With that implication I obviously agree, but just as obviously, I part company with the majority's conclusion that the trial court's erroneous ruling resulted in no prejudice to the defendants. The record simply does not support that determination.

I would therefore reverse, and remand for a new trial.

WHITE and FAHRNBRUCH, JJ., join in this dissent.