JACK MALICKY, APPELLEE AND CROSS-APPELLEE, V.
KYLE K. HEYEN, INDIVIDUALLY AND DOING BUSINESS AS
DETECTOR DOGS, INTERNATIONAL, APPELLANT, AND STATE OF
NEBRASKA, APPELLEE, AND TRACI M. COMSTOCK, APPELLANT,
AND DAVID E. CYGAN, APPELLEE AND CROSS-APPELLANT.

560 N.W.2d 773

Filed March 7, 1997.   No. S-94-691.

Traci M. Comstock, of Comstock Law Offices, P.C., for appellants.

Charles H. Wagner, of Edstrom, Bromm, Lindahl, Wagner & Miller, for appellee Malicky.

David Edward Cygan, pro se.

CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and ROWLANDS, D.J.

ROWLANDS, D.J.

In this appeal from an order imposing sanctions, defendant, Kyle K. Heyen, and defense attorneys, Traci M. Comstock and David E. Cygan, contend that the district court erred in assess-

ing sanctions against Comstock and Cygan for their conduct before the court.

We reverse the decision of the district court to grant sanctions, finding that the trial judge abused his discretion.

This appeal was originally filed in the Nebraska Court of Appeals. We transferred it to this court's docket pursuant to our power to regulate the caseloads of the Court of Appeals and this court.

## ASSIGNMENTS OF ERROR

Heyen, Comstock, and Cygan have appealed the order imposing sanctions. Cygan, who is considered an appellee and cross-appellant by virtue of Neb. Ct. R. of Prac. 1C (rev. 1996), assigned as error the district court's assessment of sanctions against him. Heyen and Comstock assigned 18 errors. The disposition of this case requires that we review only one of the errors: The district court erred by assessing costs, expenses, and fees as sanctions against Comstock and Cygan.

## STANDARD OF REVIEW

The standard of review on a trial court's determination of a request for sanctions is whether the trial court abused its discretion. *James v. Harvey*, 246 Neb. 329, 518 N.W.2d 150 (1994); *Booth v. Blueberry Hill Restaurants*, 245 Neb. 490, 513 N.W.2d 867 (1994); *Paro v. Farm & Ranch Fertilizer*, 243 Neb. 390, 499 N.W.2d 535 (1993).

## FACTS

The underlying action in the district court was a suit to recover damages. Plaintiff, Jack Malicky, filed an action against Heyen, alleging that a guard dog trained by Heyen caused Malicky serious injuries during a training exercise. Trial was completed in 5 days. On October 1, 1993, the jury returned a verdict for Heyen. This verdict was not appealed.

On October 7, 1993, Charles H. Wagner, Malicky's counsel, filed a motion to assess attorney fees and costs pursuant to Neb. Rev. Stat. § 25-824 (Reissue 1995) against Heyen. On November 2, Heyen's counsel Comstock filed a motion for sanctions against Malicky and Wagner. These motions were argued, and on February 16, 1994, the district court issued a 10-page order

finding that various pretrial and trial motions, as well as actions of Comstock and Cygan, were improper and in bad faith. The district court also found that Comstock and Cygan had abused the legal process and asserted frivolous legal positions. The court determined that these actions extended the trial by 2 days. The court then assessed court costs, jointly and severally, against Comstock and Cygan in the amount of $1,638.52 for jury fees, mileage, meals, and bailiff expenses. In addition, Malicky was awarded $4,500 in attorney fees, to be paid by Comstock and Cygan. Comstock's and Cygan's motions for a new trial on the issue of sanctions were overruled. This appeal followed.

## ANALYSIS

The authority to issue sanctions is explicitly granted by § 25-824, which states that

(2) . . . in any civil action commenced or appealed in any court of record in this state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

. . . .

(4) The court shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment. If the court finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct, including, but not limited to, abuses of civil discovery procedures, the court shall assess attorney's fees and costs.

It is obvious from the record that all counsel involved in this action engaged in a pattern of ad hominem conduct, only a portion of which will be discussed herein. At the onset of this litigation, the district court entered an order of progression, which directed discovery to be completed on or before May 1, 1993. A

trial management conference was scheduled for May 3, and a proposed trial management order was to be completed by counsel before the conference. At the May 3 conference, both Cygan and Wagner were unprepared, and a trial management order had not been drafted. The conference was continued to June 7, at which time both counsel again were unprepared and had no proposed trial management order. The conference was continued to August 23, and trial was set to begin September 27. At the August 23 conference, a trial management order still had not been prepared by either party. Also on August 23, Comstock entered her appearance on behalf of Heyen; however, she did not attend the conference. Following August 23, various notices and amended notices to take depositions were filed by both parties.

On September 17, 1993, Wagner filed for attorney fees and expenses, stating that he had appeared for the taking of a deposition pursuant to notice given by Cygan. The notice indicated that the deposition was to be taken on August 25, 1993, at 4:30 p.m. When Wagner arrived at the designated location on August 25, no court reporter, witness, or counsel was present.

In addition, Heyen's counsel filed numerous motions, notices, and requests with the court. Three separate motions for partial summary judgment were filed on September 20, 1993, which was 7 days prior to trial. Neb. Rev. Stat. § 25-1332 (Reissue 1995) expressly provides that a motion for summary judgment shall be served at least 10 days before the time fixed for the hearing. Furthermore, Heyen's counsel filed four motions in limine 3 days prior to trial. The trial judge was clearly correct in his written order, wherein he determined on his own motion the day prior to the commencement of trial, that each of the motions was filed out of time. Five more motions in limine were filed the morning of trial. Section 25-824 authorizes sanctions against any attorney who brings or defends an action in bad faith. It is the duty of the courts to prevent dilatory proceedings in the administration of justice. *Aetna Cas. & Surety Co. v. Dickinson*, 216 Neb. 660, 345 N.W.2d 8 (1984). General tactics of delay and the filing of repetitious and irrelevant documents may establish bad faith and warrant sanctions. See *Holt County Co-op Assn. v. Corkle's, Inc.*, 214 Neb. 762,

336 N.W.2d 312 (1983). In the instant case, the trial judge summarily, on his own motion and without a formal hearing, overruled the repetitious and untimely pleadings filed by Comstock and Cygan. This was the correct procedure to employ. A subsequent assessment of sanctions was unnecessary under the particular circumstances of this case.

There is also evidence in the record that Wagner attempted to demean Comstock in the presence of the jury, calling her "sophomoric" and referring to her objections as "sermonettes."

In determining sanctions, the court uses its discretion in determining the appropriate cost or fee permitted by § 25-824(2). *Nebraska Pub. Emp. v. City of Omaha*, 244 Neb. 328, 506 N.W.2d 686 (1993). We determine that the district court was incorrect in imposing sanctions and that it abused its discretion in the amount it imposed. A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives the litigant of a substantial right or a just result in matters submitted for disposition to a judicial system. *Booth v. Blueberry Hill Restaurants*, 245 Neb. 490, 513 N.W.2d 867 (1994).

A detailed analysis of the record reveals that the sanctions imposed were not appropriate. The trial judge ordered that Comstock and Cygan pay to Seward County the sum of $1,638.52 for jury fees, mileage, meals, and bailiff expenses. There is absolutely no evidence in the record how the trial judge arrived at this amount, and the award is vacated. With reference to the award of attorney fees to Malicky, the affidavit of Wagner, which was received into evidence, stated Wagner's opinion that an hourly rate of $90 was fair and reasonable. In awarding $4,500, it is apparent that the trial judge penalized Comstock and Cygan for 50 hours of Wagner's time, including 2 days of trial time when the trial lasted 5 days rather than the 3 days which had been estimated.

At the continued trial management conference held June 7, 1993, Wagner estimated that the trial would last 2½ days, while Cygan predicted 3 days. Jury selection and opening statements in this case consumed most of the first day of trial. Malicky

called five witnesses, including two physicians, who testified at length by deposition, as well as a vocational rehabilitation expert. Malicky rested his case at 4:55 p.m. on the third day of trial. Heyen presented his case on the fourth and part of the fifth days of trial, followed by a short rebuttal by Malicky. Closing arguments, jury instructions, and deliberations resulting in a verdict for Heyen consumed the remainder of the fifth day.

Although we do not condone the lack of civility demonstrated by the attorneys in this proceeding, nor do we excuse the filing of repetitious pleadings out of time or the improper arguments of Comstock and Wagner in the presence of the jury, the trial judge abused his discretion in finding that the trial lasted 2 unnecessary days solely because of the actions of Comstock and Cygan. Therefore, after a careful review of the proceedings in the district court, we reverse the district court's award of sanctions.

REVERSED.

WHITE, C.J., participating on briefs.