IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS L. FLEETWOOD, | § | |
| | § | No. 89, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1503013906 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 21, 2016
Decided: October 6, 2016

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 6th day of October, 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    A Superior Court jury convicted Thomas L. Fleetwood of burglary second degree, misdemeanor attempted theft, and offensive touching after he was caught in Kennard and Takeisha Smith's apartment holding their belongings. The jury acquitted Fleetwood of criminal mischief. Fleetwood raises three issues on appeal: (1) the Superior Court erred by failing to instruct the jury on the lesser included offense of criminal trespass first degree; (2) the prosecutor made improper statements during closing argument amounting to plain error; and (3) the Superior Court erred when it sentenced him for criminal mischief. For the reasons

set forth below, we remand on the sentencing issue and affirm on the remaining issues.

(2)     Just after 1:00 a.m. on March 22, 2015, Kennard called his sister, Takeisha, and asked her to take him to a convenience store.  They had just moved into a new apartment together, located above the Driftwood Spirits liquor store on South Bradford Street in Dover.  When the two of them returned from the store, they noticed the outside door to the apartment was open.

(3)     Kennard entered the apartment first with Takeisha close behind him.  Although it was dark, Takeisha saw Fleetwood, a stranger to her, in the laundry room.  He was holding her laptops and steaks from their freezer.  Takeisha asked the man what he was doing in their home, and if the items he was holding were theirs.  Fleetwood then dropped the items on the floor and said "They sent me. They sent me from Smyrna."[1]  He told them he had both of their cell phones so they could not call 911.  He then attacked Kennard.

(4)     As Kennard and Fleetwood fought, Takeisha's cell phone fell out of Fleetwood's pocket.  She immediately picked it up and dialed 911.  When the police arrived, Kennard told them that he did not know Fleetwood, but recognized him from a nearby pub earlier in the evening.  A Dover Police Department detective took photographs of the scene showing steaks and pieces of Takeisha's broken laptops on the floor.  One laptop was torn in half and the other device

---

[1] App. to Opening Br. at 15-16.

would not turn on. Police arrested Fleetwood and charged him with burglary second degree, attempted theft, assault third degree, and criminal mischief. The assault third degree charge was reduced before trial to offensive touching.

(5) At the close of trial, Fleetwood requested an instruction on criminal trespass first degree, a lesser included offense of burglary. The Superior Court denied the request, finding that the evidence at trial did not support the instruction. The jury convicted Fleetwood of burglary second degree, misdemeanor attempted theft, and offensive touching, but acquitted him of criminal mischief. The Superior Court sentenced Fleetwood as follows: (1) as an habitual offender on the burglary charge to eight years at Level V; (2) one year at Level V, suspended for one year at Level III for attempted theft; (3) thirty days at Level V, suspended for one year at Level III for offensive touching; and (4) one year at Level V suspended after one year at Level III for criminal mischief, despite being acquitted of that offense. This appeal followed.

(6) Fleetwood first argues that the Superior Court erred by declining his request for a lesser included offense instruction for criminal trespass. This Court reviews the denial of a requested jury instruction *de novo*.[2] With respect to a request for a lesser included offense jury instruction, we review "to determine: (i)

---

[2] *Ayers v. State*, 844 A.2d 304, 309 (Del. 2004).

whether the instruction was available as a matter of law; and, if so, (ii) whether the evidence presented at trial supported a conviction on the lesser included offense."[3]

(7)     Under 11 *Del. C.* § 206(c), the Superior Court "is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."[4]  This Court uses a four part test to determine whether a lesser included offense instruction is warranted:

> (1) the defendant makes a proper request; (2) the lesser included offense contains some but not all of the elements of the charged offense; (3) the elements differentiating the two offenses are in dispute; and (4) there is some evidence that would allow the jury rationally to acquit the defendant on the greater charge and convict on the lesser charge.[5]

(8)     Here, elements one through three are not in dispute.  The appeal therefore turns on whether there was some evidence in the record providing a rational basis for acquitting Fleetwood of burglary second degree and convicting him instead of criminal trespass first degree.[6]  The two crimes differ in that criminal trespass requires a person to unlawfully enter a dwelling, while burglary requires a person to unlawfully enter a dwelling with the intent to commit a crime.[7]

---

[3] *Weber v. State*, 971 A.2d 135, 141 (Del. 2009).
[4] 11 *Del. C.* § 206(c); *see also Cseh*, 947 A.2d at 1114.
[5] *Cseh*, 947 A.2d at 1114.
[6] *Henry v. State*, 805 A.2d 860, 864 (Del. 2002).  To satisfy the fourth element, there must be some "evidence fairly tending to bear upon the lesser included offense, 'however weak' that evidence may be."  *Bentley v. State*, 930 A.2d 866, 875 (Del. 2007) (internal citation omitted).
[7] *Compare* 11 *Del. C.* § 823 ("A person is guilty of criminal trespass in the first degree when the person knowingly enters or remains unlawfully in a dwelling. . .") *with* 11 *Del. C.* § 825 ("A

4

In this case, the crime was theft. Though a criminal defendant has no burden to present any evidence at trial,[8] Fleetwood was obligated to point to some evidence in the record that would allow the jury rationally to find that he entered the apartment for a reason other than to commit theft.

(9) The trial record shows that Fleetwood entered the apartment to commit theft. Kennard and Takeisha saw Fleetwood holding their electronics and steaks when they entered the apartment. He told them he had taken their cell phones, and Takeisha saw her phone fall out of Fleetwood's pocket. The police also found the steaks and laptops on the floor when they arrived. Although Fleetwood claims that many items were on the floor because Takeisha and Kennard had just moved into the apartment, steaks belong in a refrigerator and are not ordinarily found on the floor. Further, one laptop was broken in pieces and the other no longer worked. Lacking any evidence in the trial record supporting the lesser included charge, the Superior Court correctly denied Fleetwood's request for a lesser included offense instruction.

(10) Fleetwood next argues the trial court committed plain error when it permitted the prosecutor to violate the "golden rule" during closing arguments. Because Fleetwood did not object to the prosecutor's closing argument, we review

---

person is guilty of burglary in the second degree when the person knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein.").
[8] *Boyer v. State*, 436 A.2d 1118, 1125 (Del. 1981) ("The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.").

5

for plain error.[9] Error is plain when it is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[10] "To be plain, the error must affect substantial rights, generally meaning that it must have affected the outcome of the trial."[11]

(11) A prosecutor is prohibited from appealing to the jury's sympathies by using the "golden rule argument" during closing arguments.[12] Counsel uses the golden rule "where counsel asks the jury to place themselves in the shoes of a party to the suit in arriving at a verdict, and to render such verdict as they would want rendered in case they were similarly situated."[13] Prohibiting golden rule arguments "discourage[s] improper arguments that play on jurors' emotions and sympathies."[14]

(12) Here, the prosecutor resorted to arguments asking the jury to place themselves in the victim's shoes:

> Good afternoon. There's an old expression that a man's home is his castle. I submit to you that is true whether you live on State Street or whether you live on South Bradford Street. I submit to you that it is true whether you live in a large single family home or whether you live in an apartment above a liquor store. *So what is unique about our*

---

[9] *Baker v. State*, 906 A.2d 139, 148 (Del. 2006).

[10] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[11] *Swan v. State*, 820 A.2d 342, 355 (Del. 2003).

[12] *Sullivan v. State*, 636 A.2d 931, 942 (Del. 1994).

[13] *Delaware Olds, Inc. v. Dixon*, 367 A.2d 178, 179 (Del. 1976); *see also Brown v. State*, 49 A.3d 1158, 1161 (Del. 2012) ("[A] golden rule argument [is] 'a jury argument in which a lawyer asks the jurors to reach a verdict by imagining themselves or someone they care about in the place of the injured plaintiff or crime victim.'") (quoting *Black's Law Dictionary* 713 (8th ed. 1999)).

[14] *Pennewell v. State*, 822 A.2d 397 (Del. 2003).

*home and what makes it a castle is that it's safe. I submit to you that if you are not safe in your home, then you do not have a home.*

…

As I said at the outset, a man's home is his castle. *Now, when someone comes into your home, even if they come into your home and they don't get anything, they have still robbed you of something. They have robbed you of the safety of your home.* I respectfully request you return a guilty verdict on all counts against the defendant. Thank you very much.[15]

(13) In *Swan v. State*, this Court considered a similar question.[16] In *Swan*, two masked men broke into the victim's home and shot him to death. During trial, the prosecutor referred to the sanctity of the home in his closing argument, stating "Think about home. What is home? Come back from vacation, you want to sit there."[17] This Court held that although the argument was improper, it did not amount to reversible error *per se*.[18] Rather, "[i]mproper prosecutorial comments in closing argument only constitute plain error if credibility is a central issue, the case is close, and the comment is so clearly prejudicial that defense counsel's failure to object is inexcusable and the trial judge must intervene *sua sponte* in the interest of fundamental fairness."[19]

(14) Even though the prosecutor engaged in improper closing argument, the error that occurred here did not result in fundamental unfairness given the

---

[15] App. to Opening Br. at 40-42 (emphasis added).
[16] 820 A.2d at 354-57.
[17] *Id*. at 355.
[18] *Id*. at 356.
[19] *Id*.

strong and highly incriminatory evidence against Fleetwood. As noted before, police apprehended Fleetwood inside the apartment. Both siblings caught him red-handed with their property. When the detective arrived, he found the steaks and broken laptops on the floor. Fleetwood had also taken their cell phones. With such overwhelming evidence of guilt, Fleetwood has failed to demonstrate plain error due to the State's improper remarks during closing argument.

(15) Finally, Fleetwood argues the Superior Court clearly erred by sentencing him for criminal mischief. The State agrees that the Superior Court jury returned a not guilty verdict on the criminal mischief count against Fleetwood. Accordingly, we remand to the Superior Court to vacate Fleetwood's criminal mischief sentence.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED in part, REVERSED in part, and REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

8