IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, a bank organized under the laws of the State of North Carolina existing under the laws of the State of North Carolina; Assignee of Mortgage Electronic Registration Systems, Inc. as nominee, a corporation organized and existing under the laws of the State of Delaware, | § § § § § § § § § § § § | No. 385, 2014<br><br>Court Below:<br><br>Superior Court of the State of Delaware, in and for New Castle County<br><br>C.A. No. N11L-12-270-CEB |
| Plaintiff Below, Appellant/Cross-Appellee, | § § § § | |
| v. | § § | |
| HATEM G. EID a/k/a HATEM EID; and YVETTE EID, | § § § § | |
| Defendants Below, Appellees/Cross-Appellants. | § § § | |

Submitted: March 11, 2015
Decided: May 4, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

Upon appeal from the Superior Court. **REVERSED**.

Robert T. Aulgur, Jr., Esquire, Whittington & Aulgur, Middletown, Delaware, for Appellant, Cross-Appellee.

Of Counsel: Michael Montecalvo, Esquire (*argued*) and Brent F. Powell, Esquire, Womble Carlyle Sandridge & Rice LLP, Winston-Salem, North Carolina.

Stephen B. Brauerman, Esquire, Kara M. Swasey, Esquire and Vanessa Tiradentes, Esquire, Bayard, P.A., Wilmington, Delaware, for Appellees, Cross-Appellants.

Of Counsel: W. Jeffrey Barnes, Esquire (*argued*), W. J. Barnes, P.A., Beverly Hills, California.

**VALIHURA**, Justice:

**FACTUAL AND PROCEDURAL HISTORY**

On June 13, 2013, the Superior Court granted Branch Banking and Trust Company's ("BB&T") motion for summary judgment on its foreclosure and breach of contract claims.[1] On July 11, 2013, before the trial court entered a final judgment that included a damages award, Hatem and Yvette Eid (collectively, the "Eids") filed an amended notice of appeal to this Court from the Superior Court's order granting summary judgment. This Court issued a notice to show cause as to why the appeal was not interlocutory. The parties thereafter stipulated to the dismissal of the appeal. On March 20, 2014, the Superior Court entered a final judgment order awarding damages to BB&T. The Eids failed to file a timely notice of appeal from the March 20, 2014, order. Instead, on May 30, 2014, a little over two months after the entry of the final judgment order, the Eids filed a motion with the Superior Court under Rule 60(b) seeking vacatur of the final judgment order, contending that their counsel never received actual notice of the final judgment order. On June 19, 2014, the Superior Court granted the Eids' motion to vacate.

On July 21, 2014, the trial court entered a new final judgment order from which the Eids could file a timely notice of appeal. On July 21, 2014, BB&T filed

---

[1] *Branch Banking and Trust Co. v. Eid*, 2013 WL 3353846 (Del. Super. Jun. 13, 2013).

an appeal from the Superior Court's grant of the Rule 60(b) motion to vacate, and on July 29, 2014, the Eids filed a cross-appeal from the Superior Court's grant of summary judgment in favor of BB&T.

## DISCUSSION

BB&T raises three issues on appeal. First, it argues that pursuant to Rule 77(d), the trial court lacked authority to grant the motion to vacate the final judgment order. Second, it argues that the trial court erred as a matter of law when it applied a vague and undefined "interest of justice" standard to the motion to vacate. Third, it argues that the trial court abused its discretion in granting the motion to vacate because the Eids failed to establish that they were entitled to relief under Rule 60(b)(1) or (b)(6).

On cross-appeal, the Eids also raise three issues. First, they argue that BB&T lacks standing to institute a foreclosure. Second, they argue that the affidavit supporting the motion for summary judgment was defective. Third, they argue that BB&T failed to demonstrate that there were no genuine issues of material fact. We agree with BB&T that the trial court improperly granted the motion to vacate the final judgment, and for the reasons stated herein, we reverse the judgment below and dismiss the appeal.

"[T]he grant or denial of a Rule 60(b) motion is generally reviewed for an abuse of discretion. A claim that the trial court employed an incorrect legal

standard, however, raises a question of law that this Court reviews *de novo.*"[2]

Before we address the merits of a Rule 60(b) motion, we must determine whether

jurisdiction has been properly conferred upon this Court. As we have previously

stated, "[t]his Court lacks jurisdiction to consider an appeal when the notice of

appeal is not filed in a timely manner *unless* the appellant can demonstrate that the

failure to file a timely notice of appeal is attributable to court-related personnel."[3]

Superior Court Rule of Civil Procedure 77(d) provides that:

Immediately upon the entry of an order of judgment, the Prothonotary shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these Rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. *Lack of notice of the entry by the Prothonotary does not affect the time to appeal or relieve or authorize the Court to relieve a party for failure to appeal within the time allowed.*[4]

The Superior Court Rules of Civil Procedure are patterned after the Federal

Rules of Civil Procedure. Both Superior Court Rule 77(d) and Federal Rule 77(d)

expressly impose the duty of notification on the court clerk. However, Superior

---

[2] *MCA, Inc. v. Matsushita Elec. Indus. Co.*, 785 A.2d 625, 638 (Del. 2001).

[3] *Giordano v. Marta*, 723 A.2d 833, 834 (Del. 1998) (emphasis in original) (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)); *see also Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988).

[4] Super. Ct. Civ. R. 77(d) (emphasis added).

4

Court Rule 77(d) also provides that lack of notice does not affect the time for appeal or permit relief for failure to file a timely appeal.

In 1991, the Federal Rules were amended to permit a federal court to provide relief from a final judgment order where a party does not receive actual notice of the final judgment. Federal Rule 77(d) provides that "[l]ack of notice of the entry does not affect the time for appeal or relieve -- or authorize the court to relieve -- a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."[5] The Advisory Committee Note to the 1991 amendment of Federal Rule 77 states that "[t]his revision is a companion to the concurrent amendment to Rule 4 of the Federal Rules of Appellate Procedure," and that "[t]he purpose of the revisions is to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment."[6]

To aid in effecting the revisions discussed in the Advisory Committee Note to Federal Rule 77, Federal Rule of Appellate Procedure 4(a) was also amended in 1991 by adding subsection (6). Federal Rule 4(a)(6) provides that "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are

---

[5] Fed. R. Civ. P. 77(d).

[6] Fed. R. Civ. P. 77 Advisory Committee's Note (1991).

satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."[7] The Advisory Committee Note to the 1991 amendment of Federal Rule 4 states that "[t]he amendment adds a new subdivision (6) allowing a district court to reopen for a brief period the time for appeal upon a finding that notice of entry of a judgment or order was not received from the clerk or a party within 21 days of its entry and that no party would be prejudiced."[8]

The changes to Federal Rule of Civil Procedure 77(d) and Federal Rule of Appellate Procedure 4(a) have not been adopted by the Delaware Superior Court. Prior to the 1991 amendments to the Federal Rules, when the Federal Rules contained language similar to the Superior Court Rules, the clerk's failure to mail a notice of judgment to counsel did not constitute excusable neglect for filing an

---

[7] Fed. R. App. P. 4(a)(6).

[8] Fed. R. App. P. 4 Advisory Committee's Note (1991).

6

untimely appeal under the analogous Federal Rule 60(b)(1).[9] Thus, as we held in *Giordano v. Marta* with respect to Court of Chancery Rule 77(d), we now hold with respect to Superior Court Rule 77(d), that the failure of a party to receive notice of a final judgment, absent any fault attributable to court personnel, does not excuse a jurisdictional defect.

The Eids, in an attempt to circumvent the expiration of their time to file a notice of appeal to this Court, sought a new final judgment order from the Superior Court. They argued that they were unable to timely file a notice of appeal because they did not receive actual notice of the final judgment order. However, they admitted that the lack of notice was not attributable to court personnel, but rather, due to their counsel leaving the counsel's law firm and new counsel at the firm failing to update contact information provided to the trial court. Further, the Eids did not demonstrate that they exercised due diligence to ascertain whether the judgment was entered, nor did they provide any reason for the lack of such diligence. Essentially, the Eids' Rule 60(b) motion to vacate served merely as a tool to restart the thirty-day jurisdictional clock. However, as noted above, Superior Court Rule 77(d) precludes a trial court from relieving a party for failure

---

[9] *See Bortugno v. Metro-North Commuter Railroad*, 905 F.2d 674, 676 (2d Cir. 1990); *see also Spika v. Village of Lombard, III*, 763 F.2d 282, 286 (7th Cir. 1985).

7

to timely file an appeal due to lack of notice of the final judgment absent any fault attributable to court personnel.[10]

Moreover, although Superior Court Rule 60(b)(6) provides a broad exception allowing the Superior Court to relieve a party from a final judgment for any reason justifying relief, given our interpretation of Court of Chancery Rule 77(d) in *Giordano*, the interests of justice exception in Superior Court Rule 60(b)(6) cannot be used as a way to escape the plain effect of the Superior Court Rule that addresses the precise circumstances facing the Eids. To allow Rule 60(b)(6) to be used in that circuitous fashion would end-run the purpose of Rule 77(d), which is to require litigants and their attorneys to monitor the court docket with diligence and to file an appeal within the appropriate statutory period.

The Eids argue that BB&T failed to preserve this issue for appeal and conceded that the court could grant the motion to vacate.[11] The Eids' contentions are misplaced for several reasons. First, BB&T sufficiently raised this issue in its

---

[10] *See Giordano*, 723 A.2d at 837; *see also Riggs*, 539 A.2d at 163 ("[T]he parties to an appeal cannot confer jurisdiction on this Court by agreement."); *Dixon v. Delaware Olds, Inc.*, 396 A.2d 963, 966 (Del. 1978) ("Neither counsel nor this Court can waive a jurisdictional defect so as to confer jurisdiction which does not otherwise exist.").

[11] *See* App. to Appellant's Opening Br. at A246-47 ("[Court]: I have the right under the interest of justice provisions to this thing right, right? MR. WOODS: I wouldn't disagree with that. . . . [Court]: Well, I can agree with you and still grant the relief, right? MR. WOODS: You can.").

briefing before the Superior Court in response to the Eids' motion to vacate.[12] Second, BB&T's response to the Superior Court's inquiry was not a binding judicial admission, but rather, a conclusion of law to which we do not defer. Third, and perhaps most importantly, parties cannot waive issues regarding appellate jurisdiction and cannot confer jurisdiction on this Court by agreement.[13] Accordingly, we reverse the Superior Court's grant of the motion to vacate the final judgment order, reinstate the Superior Court's March 20, 2014, order, and dismiss the Eids' cross-appeal as untimely. Because we dismiss the appeal on jurisdictional grounds, we do not reach the other issues presented.

## CONCLUSION

Based upon the foregoing, the judgment of the Superior Court is hereby REVERSED and the appeal is DISMISSED.

---

[12] *See* App. to Appellant's Opening Br. at A233-36. *See Telxon Corp. v. Meyerson*, 802 A.2d 257, 263 (Del. 2002) (holding that an issue raised in the complaint and "briefed in the trial court" was "fairly presented to that court and thus properly a subject of appeal" even where "it was not addressed by the trial court in its decision").

[13] *See Riggs*, 539 A.2d 163; *Dixon*, 396 A.2d at 966.