IN THE SUPREME COURT OF THE STATE OF DELAWARE

JACQUELINE Y. GARDNER, § 
 § No. 234, 2016
    Appellant Below, § 
    Appellant, § Court Below—Superior Court
 § of the State of Delaware
    v. § 
 § C.A. No. S12A-11-002
DELAWARE DIVISION OF § 
SOCIAL SERVICES and § 
UNEMPLOYMENT INSURANCE § 
APPEAL BOARD, § 
 § 
    Appellees Below, § 
    Appellees. § 

Submitted: August 19, 2016
Decided: October 10, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 10th day of October 2016, upon consideration of the appellant's opening brief and the record below,[1] it appears to the Court that:

(1)    The appellant, Jacqueline Y. Gardner, filed this appeal from a Superior Court order denying her motion to vacate. We find no merit to the appeal. Accordingly, we affirm.

(2)    On November 14, 2012, Gardner filed a notice of appeal from a decision of the Unemployment Insurance Appeal Board ("UIAB") affirming the

---

[1] The appellees did not file answering briefs.

denial of her claim for unemployment benefits. Gardner argued in her opening brief and reply brief that she left her job for good cause because she suffered workplace harassment and retaliation that negatively impacted her health and required medication. In an opinion dated April 24, 2013, the Superior Court affirmed the decision of the UIAB.[2] The Superior Court concluded there was substantial evidence to support the UIAB's conclusion that Gardner was not entitled to unemployment benefits because she did not have good cause to quit her job and there was no evidence she had utilized her administrative remedies with her employer before quitting.[3] Gardner did not appeal the Superior Court's judgment.

(3) On April 21, 2016, Gardner filed a motion to vacate. Gardner argued that the Superior Court ignored evidence of discrimination and harassment she suffered and her exhaustion of administrative remedies in its April 24, 2013 decision. The Superior Court denied the motion to vacate in a letter dated April 28, 2016. The Superior Court held that if Gardner was dissatisfied with the April 24, 2013 decision, then she should have filed a notice of appeal. This appeal followed.

(4) On appeal, Gardner argues that the Superior Court ignored evidence of discrimination and harassment she suffered when it affirmed the UIAB's denial

---

[2] *Gardner v. Delaware Div. of Soc. Servs.*, 2013 WL 2453721 (Del. Super. Ct. Apr. 24, 2013).
[3] *Id.* at *1-2.

2

of her claim for unemployment benefits. We review the grant or denial of a motion to vacate for abuse of discretion.[4] Under Superior Court Civil Rule 60(b), the Superior Court may relieve a party from a final judgment upon a showing of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; (iii) fraud; (iv) the judgment is void; (v) the judgment has been satisfied; or (vi) any other reason justifying relief from the operation of the judgment.[5]

(5)     Having carefully considered the appellant's brief on appeal and the Superior Court record, we find no error or abuse of discretion in the Superior Court's denial of the motion to vacate. Gardner's motion to vacate asserted claims that were raised or could have been raised in the proceedings leading to the Superior Court's April 24, 2013 decision. In her 2013 opening and reply briefs, for example, Gardner argued that the record showed she left her job for good cause due to harassment and retaliation in the workplace and that she followed the rules for exhaustion of her administrative remedies. The motion to vacate included many of the same documents Gardner included in her 2013 opening brief to support her claims of workplace harassment and health problems.

(6)     If Gardner wished to challenge the Superior Court's resolution of her claims in its April 24, 2013 decision as the motion to vacate reflects, she could have appealed that decision. She did not do so. She cannot use a Rule 60(b)

---

[4] *MCA, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 785 A.2d 625, 633 (Del. 2001).
[5] Super. Ct. Civ. 60(b).

motion to vacate as a substitute for a timely-filed appeal from the Superior Court's April 24, 2013 decision.[6] Gardner's rehashing of claims she raised in the 2013 Superior Court proceedings and attacks on how the Superior Court resolved those claims did not satisfy any of the Rule 60(b) criteria for relief from a judgment. The Superior Court did not err, therefore, in denying the motion to vacate.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[6] *Dixon v. Delaware Olds, Inc.*, 405 A.2d 117, 119 (Del. 1979).