IN THE SUPREME COURT OF THE STATE OF DELAWARE

SAMUEL PAINTER,[1]       §
§
     Petitioner Below-     §   No. 348, 2016
     Appellant,           §
§
     v.                 §   Court Below—Family Court
                      §   of the State of Delaware
DIVISION OF CHILD SUPPORT    §
SERVICES/LOUISE PAINTER,    §   File No. CN14-02909
                      §   Petition No. 15-28782
     Respondents Below-     §
     Appellees.          §

Submitted: February 24, 2017
Decided: April 27, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### ORDER

This 27th day of April 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Samuel Painter ("Father"), filed this appeal from a Family Court order dated June 9, 2016. The order affirmed a commissioner's decision, dated March 16, 2016, denying Father's motion to reopen the commissioner's child support order dated January 22, 2016. We find no abuse of the Family Court's discretion in refusing to reopen the child support order. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court assigned pseudonyms to the parties in accordance with Supreme Court Rule 7(d).

(2) The parties are the parents of one son, born October 3, 2012. The Division of Child Support Services ("DCSS") filed a motion for child support on behalf of Louise Painter ("Mother") on August 24, 2015. A Family Court commissioner held a hearing on the petition on January 20, 2016. Mother and Father both appeared and participated in the hearing. After considering the evidence presented at the hearing, the commissioner entered an order dated January 22, 2016, which among other things, ordered Father to pay $628 per month in child support for the period from May 15, 2015 to October 31, 2015 and $432 per month from November 1, 2015 and continuing forward.

(3) Father did not file a motion for reargument[2] or file a petition requesting *de novo* review by a Family Court judge of the commissioner's child support order.[3] Instead, on February 5, 2016, Father filed a motion to reopen the child support judgment under Family Court Civil Rule 60(b).[4] Father argued that the commissioner mistakenly attributed him with full-time income for periods when he was unemployed and failed to give him credit for child care payments he previously made and failed to credit him with expenses he incurred while using his

[2] Under Family Court Civil Rule 59(e), a motion for reargument of the January 22, 2016 child support order would have been due on or before February 1, 2016.
[3] 10 *Del. C.* § 915(d)(1).
[4] Rule 60(b) allows the Family Court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct; (4) the judgment is void; (5) satisfaction, release, or discharge of the judgment; or (6) any other reason justifying relief.

2

car for work purposes. Father attached additional documentation to his motion that he had not presented at the child support hearing.

(4) The commissioner denied Father's motion to reopen on March 16, 2016. The commissioner noted that, even though Father had not been working full-time during the entire period for which support was ordered, he was properly attributed with income based on his earning capacity. The commissioner also noted that Father was given credit for all child care payments that he had proven and that he was not entitled to any deductions related to his car for purposes of the child support calculation.

(5) On April 6, 2016, Father filed a petition for *de novo* review by a Family Court judge of the commissioner's order denying his motion to reopen. Father asserted that the commissioner erred in awarding retroactive support before August 2015 when the parties' divorce was final and Mother filed her child support petition. Father also argued that the commissioner erred in attributing him with income that he had not made.

(6) Upon *de novo* review, the Family Court judge affirmed the commissioner's denial of Father's motion to reopen. The judge concluded that Father was actually seeking to reargue the original issues that he had had a full and fair opportunity to present at the child support hearing. His motion to reopen did not state any basis for relief under Rule 60(b). This appeal followed.

3

(7)     Relief under Rule 60(b) is an extraordinary remedy and requires a showing of "extraordinary circumstances."[5]  A motion to reopen a judgment under Rule 60(b) is addressed to the sound discretion of the trial court and will be reviewed by this Court on appeal for an abuse of discretion.[6]

(8)     As the Family Court noted, Father's motion to reopen did not state any basis under Rule 60(b) for reopening the child support judgment.  His motion merely sought to reargue the merits of the commissioner's child support ruling.  But, Father never filed a petition for review *de novo* of the commissioner's child support order.  Under the circumstances, he could not use a Rule 60(b) motion as a substitute for a timely petition for review *de novo*.[7]  We find no error or abuse in the Family Court's denial of his Rule 60(b) motion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[5] *Dixon v. Delaware Olds, Inc.*, 405 A.2d 117, 119 (Del. 1979).
[6] *Reynolds v. Reynolds*, 595 A.2d 385, 389 (Del. 1991).
[7] *Gardner v. Delaware Div. Soc. Servs.*, 2016 WL 5899239 (Del. Oct. 10, 2016).

4