# IN THE SUPERIOR COURT OF STATE OF DELAWARE

WANDA ROBERTS,           )
           Plaintiff,          )      C.A. No. S21C-10-017 CAK
                       )
      v.                    )
                       )
MOFFA CONSTRUCTION      )
COMPANY, LLC,          )
          Defendant.      )

Submitted: January 22, 2026
Decided: January 28, 2026

*Upon Plaintiff's Motion to Correct Judgment under Superior Court Civil Rule 60*

**DENIED**

**MEMORANDUM OPINION AND ORDER**

Wanda Roberts, 17046 N. Brandt Street, Apt. 2101, Lewes, DE 19958; *Pro Se*.

Christopher P. Clemson, Esquire, Gordon, Fournaris & Mammarella, P.A., 1925 Lovering Avenue, Wilmington, DE 19806; Attorney for Defendant.

**KARSNITZ, R. J.**

## BACKGROUND

A four (4) day bench trial was held in this case before me between August 5, 2024, and August 8, 2024, and on December 13, 2024, Wanda Roberts ("Plaintiff") and Moffa Construction Company, LLC ("Defendant") concurrently submitted post-trial briefing. On December 20, 2024, I issued a Memorandum Opinion awarding Plaintiff the sum of $2,100.00 plus interest accruing from September 22, 2021, until the date of satisfaction, which was incorporated into an Order which I entered on January 9, 2025 (the "Order").

On January 21, 2025, Plaintiff appealed the Order to the Supreme Court of the State of Delaware (the "Appeal"). Plaintiff filed her Opening Brief in the Appeal on March 6, 2025, and Defendant filed its Answering Brief on April 6, 2025. Plaintiff filed her Reply Brief on July 11, 2025, which was stricken by the Supreme Court under its Rule 34 for untimeliness. On September 16, 2025, the Supreme Court affirmed the Order. On September 29, 2025, Plaintiff filed a Petition for Reargument with the Supreme Court, which was denied on September 30, 2025.

On December 9, 2025, almost a year after my entry of the Order, Plaintiff filed a Motion to Correct the Judgment (the "Motion"), requesting that the case be reopened and that a mathematical error in the judgment be corrected.[1] Defendant

---

[1] Pursuant to Super. Ct. Civ. R. 60(a) and 60(b)(1).

filed its Response on January 5, 2026, and Plaintiff filed her Reply on January 22, 2026. This my ruling on the Motion.

## ANALYSIS

Superior Court Civil Rule 60(a) allows a court to correct a judgment so it speaks the truth of what the court actually decided. It does not permit changing the substance of the decision, revisiting evidentiary rulings, or reweighing proof. A party must abide by the decisions he made during litigation, even when rulings are made which she may not have expected.[2] This Court has previously held that the applicability of Rule 60(a) is determined by evaluating:

> whether the change affects substantive rights of the parties and is therefore beyond the scope of 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule ... If ... cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage ... blunders … *It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations* which are reachable through Rule 60(a).[3]

To revisit the extensive factual record in this case would require a "planetary excursion into facts" and a substantive reconsideration of my analysis of damages, precisely the type of "cerebration" that places the requested relief well outside the narrow scope of Rule 60(a). My findings, including my calculation of damages, were

---

[2] *OperaDelaware v. Kerchner*, 2000 WL 33113960, at *1 (Del. Super. Oct. 31, 2000).
[3] *Baltimore Tr. Co. v. McGee*, 2001 WL 985085, at *3 (Del. Super. Aug. 21, 2001).

3

thoroughly discussed at the end of the trial, were the primary subject of the parties' post-trial briefs, and were yet again revisited in the parties' briefs in the Appeal. Plaintiff has raised various alleged "mathematical errors" in her prior briefs, which are not in fact mathematical errors.

In her Motion, Plaintiff again asserts a myriad of the same claims in her contention that my judgment is incorrect including, *inter alia*, that the judgment (i) is improperly based on "unauthenticated, unsigned and unsupported" subcontractor invoices and "inflated worksheet figures," (ii) omits "credits and damages for unperformed contractual work (including siding and framing corrections)," and (iii) "misallocate[es] costs to Plaintiff that were never contractually Plaintiff's responsibility." Plaintiff assets that I incorrectly considered such factual issues as the timeliness of material orders, the "fraudulent substitution" of materials "without consent or price reduction," and "water intrusion in the finished basement." Plaintiff further asserts that I failed to conduct a "site visit or forensic review."

Plaintiff therefore requests that I revise the Order to award her damages in the amount of $183,000, which, based on her "Summary of Verified Contract Math" included in the Motion, appears to be comprised of (i) a $163,000 damages award, being the difference between the $360,000 paid by Plaintiff to Defendant and a $197,000 figure representing the "Value of Work Completed" as determined by Plaintiff, plus (ii) consequential damages in the sum of $20,000 in relation to Plaintiff's breach of contract claim, a claim which I expressly rejected.

4

I determined the value of the work performed based on extensive factfinding at trial, including fact and expert testimony, and ruled that Defendant did not breach the contract between the parties. I will not allow Plaintiff to reject that factfinding, relitigate the case, and substitute her own version of the facts and perceived value of the work under the guise of a Rule 60 motion. Plaintiff demonstrates no "clerical mistake" within the scope of Rule 60(a).

Plaintiff further requests, in the alternative, relief under Rule 60(b)(1) if the Court were to find "substantive mistake", which is appropriate where there is "mistake, inadvertence, surprise, or excusable neglect."[4] Relief under Rule 60(b) is an extraordinary remedy and requires a showing of "extraordinary circumstances."[5] However, Plaintiff has not demonstrated any extraordinary circumstance giving rise to a substantive mistake with the Order.

## CONCLUSION

In her Motion, Plaintiff is attempting to revisit and relitigate my factual determinations and my weighing of the trial evidence under the guise of a "mathematical error," contrary to the clear limitations of Superior Court Civil Rule 60(a) and (b)(1). For the reasons discussed above, Plaintiff Wanda Roberts' Motion to Correct Judgment is **DENIED**.

---

[4] Del. Super. Ct. Civ. R. 60(b)(1).
[5] *Dixon v. Delaware Olds, Inc.*, 405 A.2d 117, 119 (Del. 1979).

**IT IS SO ORDERED**.

Craig A. Karsnitz
/s/ Craig A. Karsnitz

cc:     Prothonotary